IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA MCNICHOLS, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| CREIGHTON FEDERAL CREDIT UNION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Jurisdiction**

1. Plaintiff, Carla Mc Nichols, is a resident of Omaha, Douglas County, Nebraska.

2. That the plaintiff is an African-American female.

3. Defendant, Creighton Federal Credit Union, is a Nebraska corporation based in Omaha, Douglas County, Nebraska that is engaged in commerce.

4. That all relevant facts in this case took place in Omaha, Douglas County, Nebraska.

5. That the relevant facts took place in this case on April 4, 2018.

6. That plaintiff had a checking and savings account with the defendant.

7. That a written contract existed between the parties allowing the plaintiff to deposit funds with the defendant for them to hold on her behalf.

8. That the contract allowed the plaintiff to convey personal property, in the form of money, to the defendant for the defendant to hold on her behalf.

9. That the defendant operates a place of public accommodation under Neb. Rev. Stat. §20-133.

10. That this court has jurisdiction to hear the claims in this case under 28 USC §1331 and 28 USC §1367.

11. That plaintiff is not required to exhaust administrative remedies on any claim in this case.

12. That all claims in this case were filed in a timely manner.

**Facts**

13. Plaintiff incorporates Paragraphs 1-12.

14. That on April 4, 2018 plaintiff received a check from the United States Treasury for $29,958 for back due Social Security Disability Insurance benefits.

15. That plaintiff took the check to the defendant's branch at 2575 Dodge Street to deposit the funds.

16. Plaintiff first spoke with a teller who was unable to accept her deposit because of the amount of the check. The teller referred plaintiff to Vorace Packard, white, Vice-President and Branch Manager.

17. Plaintiff then met with Packard in his office.

18. That Packard knew the plaintiff was African-American.

19. Plaintiff provided with Packard with photo identification and an account number.

20. Packard questioned the plaintiff about why she had the funds.

21. Packard called the office of Tim Cuddigan, who represented the plaintiff in her SSDI claim, to confirm that plaintiff had received the funds.

22. Plaintiff's attorney office confirmed that in fact the plaintiff had received the funds.

23. Packard refused to accept plaintiff's deposit.

24. In the process of refusing plaintiff's deposit, Packard used loud language and belittled the plaintiff in front of customers and employees of Creighton Federal Credit Union.

25. That the refusal by Packard to accept plaintiff's deposit was based on her status as an African-American and that it was done willfully and recklessly in violation of the civil rights of the plaintiff.

26. That the conduct of the defendant caused the plaintiff mental anguish and personal inconvenience.

27. That plaintiff left Creighton Federal Credit Union and promptly went to a branch of the SAC Federal Credit Union.

28. SAC Federal Credit Union opened an account for the plaintiff and accepted the deposit rejected by Packard/Creighton Federal.

**Count 1**

29. That the defendant impaired contractual rights of the plaintiff in violation of 42 USC §1981.

**Count 2**

30. That the defendant prevented the plaintiff from conveying personal property in violation of 42 USC §1982.

**Count 3**

31. That the defendant unlawfully denied plaintiff access to a public accommodation in violation Neb. Rev. Stat. §20-133.

**Count 4**

32. That the defendant engaged in a deceptive and unfair trade practice in violation of Neb. Rev. Stat. §59-1602 by refusing to accept plaintiff's deposit.

**Count 5**

33. That the defendant breached their contract with the plaintiff.

**Count 6**

34. That the defendant tortuously interfered with the plaintiff's contractual relationship.

**Prayer for relief and jury demand**

Plaintiff hereby asks for a trial by jury to determine the rights of the parties. Plaintiff asks this court for all available relief available under the law, including attorney fees and any other monetary relief in amount to be determined by the court.

CARLA MCNICHOLS, Plaintiff

REHM, BENNETT, MOORE,
REHM & OCKANDER, P.C., L.L.O.
3701 Union Dr., #200
Lincoln, NE 68516
(402) 420-1400
E-mail: jonrehm@rehmlaw.com


For the firm:   **/s/ Jon Rehm**
                  Jon Rehm, #23097